UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

| | |
|---|---|
| LUMINAR TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TERMINUS TECHNOLOGIES LIMITED,<br><br>Defendant. | Case No. \_\_\_\_\_<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Luminar Technologies, Inc. ("Luminar") brings this action to recover the debt that Defendant Terminus Technologies Limited ("Terminus") indisputably—and concededly—owes Luminar. Luminar accordingly and hereby alleges as follows:

## PARTIES

1. Luminar is a Delaware corporation with its principal place of business in Orlando, Florida.

2. Terminus is a limited company organized and existing under the laws of the United Kingdom of Great Britain and Northern Ireland with a principal place of business in the United Kingdom.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy, at least $360,917.53, exceeds $75,000, and because this action is between a citizen of a state of the United States, and a citizen of a foreign nation–state not lawfully admitted for permanent residence in the United States and not domiciled in the same state as Luminar.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Luminar's claim occurred in this District.

5. Specific personal jurisdiction is proper over Defendant in Florida under the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1) and (1)(a)(7) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Specifically, among other things, Defendant reached out to Luminar, whose headquarters are located in Florida, and entered into a binding contract with Luminar with payment to be delivered (if by check) to Luminar's headquarters in Florida. The applicable Terms and Conditions further included a choice-of-law provision selecting Florida law as the governing law.

6. Additionally, personal jurisdiction and venue are proper under Fla. Stat. § 48.193(1)(a)(9) because the Terms and Conditions of the Quote requested by Terminus included a choice-of-law clause selecting Florida law and a forum-

selection clause providing that the state and federal courts located in Florida shall have exclusive jurisdiction over any action brought thereunder. Pursuant to Fla. Stat. 685.102, specific personal jurisdiction and venue properly exist in this Court—because the Terms and Conditions (1) include a choice-of-law provision designating Florida law as the governing law; (2) include a provision where Terminus agreed to submit to the jurisdiction of the state or federal courts located in Florida; (3) involved initial consideration of $300,000, which is not less than $250,000; (4) do not violate the U.S. Constitution; and (5) have at least one of the parties (Luminar) that is a resident of Florida because Luminar has its principal place of business in Florida.

## FACTUAL BACKGROUND

7. Upon Terminus's reach out to Luminar's Florida headquarters, on July 8, 2024, Luminar sent Terminus a quote ("the "Quote") for 100 Iris C-Sample, small hole LiDAR sensors (the "Products") at $3,000.00 per unit, for a total of $300,000.00.

8. The Quote provided that "[a]ll sales of product to Customer will be governed by the attached Terms and Conditions of Sale."

9. The Terms and Conditions of Sale attached to the Quote provided, among other terms and conditions, that "Payment terms for all invoices issued are net thirty (30) days from date of invoice." The Terms and Conditions further

3

provided that "Accounts thirty (30) days past due will be subject to a monthly charge at the rate of one and one-half percent (1.5%) per month or the maximum allowable by law, whichever is lower."  The Terms and Conditions further provided that "Any action hereunder brought by a party against the other party will be subject to the exclusive jurisdiction of the appropriate state and federal courts located in Florida."  The Terms and Conditions finally provided that "[t]he validity, interpretation, construction and performance of this agreement, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed by, subject to, and construed and interpreted in accordance with, the laws of the state of Florida, without giving effect to principles of conflicts of law."

10.   On August 7, 2024, Terminus accepted the Quote and sent a purchase order to Luminar, requesting that Luminar ship by "Air & Land" the Products at $3,000.00 per unit, for a total of $300,000.00.

11.   September 5, 2024, Luminar completed the purchase order, shipping the requested Products to Terminus's office at 231 Franklin St, Milford, MI 48381-2406.  Terminus accepted the delivery of the Products on September 9, 2024.

12.   On September 6, 2024, Luminar issued invoice number

2010/S01/10012126 (the "Invoice") to Terminus for the Products for $301,866.88, a sum comprising the original $300,000.00 purchase order price plus $1,866.88 for shipping. The invoice provided that payment by check was to be sent to Luminar's headquarters in Florida.

13. Terminus failed to pay the Invoice by the due date (October 6, 2024), and still has not paid the Invoice despite repeated requests to do so from Luminar.

14. On June 25, 2025, Luminar's Deputy General Counsel, Brent Warner, sent a letter to Terminus's CEO, Joshua Ward, demanding that Terminus pay the outstanding $301,866.88 by July 7, 2025.

15. On August 6, 2025, Mr. Ward emailed Mr. Warner, acknowledging Terminus's outstanding debt, expressing a desire "to get Luminar the funds they are owed," "personally apologis[ing] for the delay," and reaffirming that Luminar's "payment is [Terminus's] priority."

16. On August 25, 2025, Mr. Ward again emailed Mr. Warner regarding the "outstanding balance owed by Terminus Technologies to Luminar."

17. In that August 25, 2025 email, Mr. Ward stated that Terminus "anticipate[d] being in a position to make the payment of the outstanding balance in September."

18. As of this filing, Terminus has not paid the outstanding $301,866.88 Invoice owed to Luminar.

## CAUSES OF ACTION

### COUNT ONE
### (Breach of Contract)

19. Luminar reincorporates and realleges all prior paragraphs of this Complaint as if fully set forth herein.

20. By submitting the Purchase Order in response to the Quote, Terminus agreed to purchase 100 Products at a price of $3,000.00 per unit, for a total of $300,000.00 plus shipping.  This agreement between Terminus and Luminar is a valid and enforceable contract.

21. Luminar satisfied its obligations under the contract between Luminar and Terminus by shipping the Products to Terminus on September 5, 2024.

22. Since September 2024, Terminus has been contractually obligated to pay to Luminar the sum of $301,866.88, plus a late fee equal to 1.5% of the unpaid balance per month.

23. Terminus, by failing to pay the $301,866.88 due to Luminar and the associated late fees, has failed to perform its contractual duty.

24. Terminus therefore has breached its contract with Luminar.

25. Due to Terminus's breach, Luminar has suffered monetary damages

at least in the amount of $301,866.88, plus applicable late fees of 1.5% of the unpaid balance per month (the fees collectively and currently totaling at least $59,050.65), the exact amount of which to be proven at trial.

## COUNT TWO
### (Unjust Enrichment)

26. Luminar reincorporates and realleges Paragraphs 1 through 18 of this Complaint as if fully set forth herein, and alleges the below in the alternative to Count One.

27. In September 2024, Luminar provided Terminus with 100 Iris C-Sample, small hole LiDAR sensors at $3,000.00 per unit.

28. Terminus has been unjustly enriched by retaining those Luminar-supplied sensors valued at $300,000.00 (plus shipping) and by failing to pay Luminar for those sensors.

## COUNT THREE
### (Account Stated)

29. Luminar reincorporates and realleges Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

30. Mr. Warner's June 25, 2025 demand, and Mr. Ward's August 6 and August 25, 2025 emails acknowledging and agreeing to pay Terminus's debt to Luminar, constitute an account stated.

31. Terminus has failed to pay the debt pursuant to the account stated.

## DEMAND FOR JURY TRIAL

32. Luminar demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Luminar prays that the Court:

a. Enter judgment in favor of Plaintiff Luminar Technologies, Inc. and against Defendant Terminus Technologies Limited in the amount of $301,866.88 plus applicable late fees, currently totaling $360,917.53 as of this filing;

b. Award Plaintiff costs of this action and reasonable attorneys' fees and expenses under applicable law; and

c. Award any other relief as the interest of justice may require or that this Court deems proper.

Dated: October 22, 2025

Respectfully submitted,

By: /s/ Brian G. Liegel

Brian G. Liegel (No. 119269) *Lead Counsel*
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Telephone: (305) 577-3180
Brian.Liegel@weil.com

Robert Stern (*pro hac vice forthcoming*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7190
Robert.Stern@weil.com

*Counsel for Plaintiff Luminar Technologies*